*In re* Petition of Logan Square Presbyterian Church to exempt certain property from taxation.

*Opinion filed October 28, 1910.*

1. TAXES—*statute requires notice to property owner of Auditor's appeal.* Under the statute (Hurd's Stat. 1909, p. 1888,) it is the duty of the clerk of the board of review, upon receiving notice that the Auditor of Public Accounts will apply to the Supreme Court to annul the board's decision granting a property owner's petition to exempt property from taxation, to notify the petitioning property owner that such application will be made.

2. APPEALS AND ERRORS—*when order of submission may be set aside.* If the record contains no evidence that any notice to the petitioning property owner of the Auditor's intention to apply to the Supreme Court to annul the decision of the board of review granting a petition to exempt property from taxation has been given by the clerk of the board of review, and there is no appearance or brief on the part of such petitioner, the order of submission may be set aside.

AUDITOR'S certificate of appeal to review decision of board of review of Cook county.

W. H. STEAD, Attorney General, and CHARLES E. WOODWARD, for appellant.

Mr. JUSTICE DUNN delivered the opinion of the court:

Upon the petition of the Logan Square Presbyterian Church the board of review of Cook county determined that certain real estate was not liable to taxation, and the clerk of the board made out and forwarded to the Auditor of Public Accounts a statement of the facts in the case. The Auditor gave notice to the board of review that he objected to its decision and would apply to the Supreme Court, at the April term, 1910, for an order to set aside and annul it, and on May 18, 1910, filed in this court the certified statement of facts, together with his objections. At the same time the Attorney General filed a brief on behalf of the Auditor. Upon receipt of the notice from the Auditor the statute required the clerk of the board of review to notify the petitioner thereof. (Hurd's Stat. 1909, sec. 35, p. 1888.) The record contains no evidence that this notice was ever given and no appearance has been entered or brief filed on behalf of the petitioner. The order of submission of the cause will therefore be set aside that the petitioner may have notice of the application.

*Order of submission set aside.*